(No. 1196—Claimant awarded $54.00.)

THOMAS R. CRABB, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

REIMBURSEMENT—*when award will be made. State employee.* There being no dispute as to the facts in this case, and no objection by the State, the court enters an award in favor of claimant to reimburse him for moneys expended in being cured of injuries sustained by him, while in the discharge of his duty.

THOMAS R. CRABB, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed in this case alleges that on July 21, 1926, and for a long time prior thereto, Thomas R. Crabb was an employe of the State of Illinois, by appointment of Louis L. Emmerson, Secretary of State of the State of Illinois, as automobile investigator; that his duties under such employment included among other things, a general supervision and regulation of the motor vehicle traffic on the system of hard roads constructed by the State of Illinois; that in the performance of his duties he used a motorcycle, furnished by the State of Illinois; that pursuant to his duties as such automobile investigator, on July 21, 1926, between 10:15 p. m., and 10:30 p. m., he was proceeding from Joliet, Illinois, to Lockport, Illinois; and in exercising all due care and caution for his own safety, he collided with a Ford coupe, driven by one J. L. Gage of Marseilles, Illinois, at the corner of Collins Street, and Meeker Avenue, Joliet, Illinois; that by reason of said collision, he was thrown from the motorcycle upon which he was riding upon and against a telephone pole and was thereby then and there bruised, injured and wounded and suffered injuries to his head, ankle and knee and claimant became and

was sick, sore, lame and disordered and so remained for a long space of time, to-wit: From the 21st day of July to the 17th day of August 1926, both inclusive; that during all of said time he suffered great pain and was hindered and prevented from attending to and transacting his affairs and business, and was forced to and did then and there lay out divers sums of money, amounting to, to-wit, $54.00, in endeavoring to be cured of his said wounds and bruises, and he makes a claim for said sum of $54.00.

A letter from Louis L. Emmerson, Secretary of State, states that he has investigated the facts set out in the declaration in this case, and that said facts are correctly set out and recommends that said claim be allowed.

Therefore we award claimant the sum of $54.00.